UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERIK HOOVER,

                              Plaintiff,

    -against-

LYNNE TILTON, W. RANDALL JONES,
PATRIARCH PARTNERS, LLC,
STILA STYLES, LLC, and STILA COSMETICS,

                              Defendants.
------------------------------------------------------------x

Civil Action No.
19-cv-

COMPLAINT

Plaintiff, Erik Hoover, by his attorney, the Law Offices of Eric Dinnocenzo, for his complaint against defendants, alleges as follows:

## INTRODUCTION

1. Over the past three decades, plaintiff, Erik Hoover has held high-level positions in the cosmetics industry, including with L'Oreal and working in close collaboration with celebrity figures. In the late summer of 2018, he experienced employment discrimination in this sector for the first time, when the defendants rejected him for a Vice-President of Marketing position with defendant Stila Cosmetics simply because he is a male.

2. At his interview in downtown Manhattan with defendant W. Randall Jones, who is the "right-hand man" of defendant Lynne Tilton, a powerful and controversial Wall Street financier who is the principal owner of the corporate defendants—whom Jones has touted as "the richest self-made woman in America"—plaintiff was expressly informed that Tilton wanted a female for the position. Later in a recorded phone call, Jones jokingly acknowledged to Mr. Hoover that he would need a "sex change" in order to get the position.

1

Hoover was not hired for the position. The discrimination that occurred here is clear and indisputable—after all, it is on tape—and no matter what defendants may say in response, it was a motivating factor in the failure-to-hire plaintiff.

## PARTIES

3. Plaintiff, Erik Hoover, is a resident of the County of Queens, State of New York.

4. Defendant Lynne Tilton is, upon information and belief, a resident of the State of New Jersey. She is the principal owner and Chief Executive Officer of defendants Patriarch Partners, LLC, Stila Styles, LLC and Stila Cosmetics. Her office is located in Manhattan.

5. Defendant W. Randall Jones ("Jones") is, upon information and belief, a resident of the County of New York, State of New York. He is a Managing Director of Patriarch Partners, LLC. He also manages and controls defendants Stila Styles, LLC and Stila Cosmetics.

6. Defendant Patriarch Partners, LLC ("Patriarch") is a foreign limited liability company organized under the laws of the State of Delaware with a principal place of business in the County of New York, State of New York. Patriarch is an investment firm that owns numerous companies, and it regularly conducts business in the State of New York. Patriarch is managed and controlled by Lynne Tilton, who is its principal owner.

7. Defendant Stila Styles, LLC is a foreign limited liability company organized under the laws of the State of Delaware with a principal place of business located in the State of California.

8. Defendant Stila Cosmetics is the business and brand name of Stila Styles, LLC (both referred to herein as "Stila") with a principal place of business located in the State of California. Stila is a cosmetics company that sells its products in major retail stores. Stila has an executive office is in the same location as the Patriarch office.

9. Stila regularly conducts business in the State of New York and is referred to as a Lynne Tilton company on its website. Stila's employees are subject to supervision, direction, and control by the other defendants to this action.

10. Lynne Tilton and Patriarch both own, manage, and control Stila.

11. Lynne Tilton takes an active role in the many companies that she owns individually and/or through Patriarch. These companies, including Stila, are an extension of her business holdings and are intended to reflect her reputation and are managed and controlled by her, especially at the top levels to which plaintiff was applying for a position.

12. Upon information and belief, Patriarch and Stila are part of a single, integrated enterprise, making the former liable for unlawful discrimination carried out by the latter. This is because there is an interrelation of operations, centralization of labor relations, common management, and common ownership or financial control.

## JURISDICTION AND VENUE

13. Defendants' Patriarch, Tilton and Jones principal place of business is located in the Southern District of New York.

14. Defendants regularly conduct business in the Southern District of New York.

15. The events that gave rise to this action occurred in the Southern District of New York.

16. Defendants Patriarch and Stila's contacts with the Southern District are

3

sufficient to subject it to personal jurisdiction there if the district was a separate state.

17. This Court has subject matter jurisdiction against defendants under 28 U.S.C. § 1331 and against defendants Stila and Lynne Tilton under 28 U.S.C. § 1332. This Court has supplemental jurisdiction over the New York City law claims pursuant to 28 U.S.C. § 1367.

18. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## PRE-SUIT NOTICES AND FILINGS

19. On or about October 18, 2018, plaintiff filed a Charge of Discrimination against defendants with the New York City District Office of the Equal Employment Opportunity Commission ("EEOC"), Charge No. 520-2019-00288, alleging unlawful discrimination and failure to hire based on his sex and gender.

20. On March 8, 2019, the EEOC issued a Notice of Right to Sue Notice.

21. This lawsuit has been timely filed within 90 days of plaintiff's receipt of the notice.

## FACTUAL BACKGROUND

22. As stated, over the past three decades, plaintiff Erik Hoover has held high-level positions in the cosmetics industry, including at brand names such as L'Oreal, and he has worked with celebrities including Cindy Crawford. During his career, he has developed multiple number-one selling products. He takes a creative approach to developing and marketing cosmetics products.

23. In April 2016, Hoover applied for a top marketing position with Jane

Cosmetics, one of Patriarch's affiliated companies. He was called in for a meeting with defendant Jones, who was enthusiastic about him as a candidate.

24. In an April 13, 2016 email, Jones wrote to Hoover that he was "very impressed by your background and track record." However, it was agreed between them that Jane Cosmetics might not be a good fit, because while it sells mass market cosmetics, Hoover's experience is with high-end or prestige cosmetics. Importantly, Jones also wrote in the email: "I only wish we had met before we hired a new head of marketing at Stila—you would have been perfect." The two agreed to keep in touch in case other more suitable opportunities arose.

25. Two years later, Hoover saw a job posting on LinkedIn for Senior Vice President of Marketing at Stila and submitted an application. This was the job that Jones had earlier said he would be "perfect" for.

26. Hoover was invited to Stila's office for an interview, and so on August 30, 2018, he went to One Liberty Plaza in Manhattan where he met with Jones and Richard White, Executive Director of Talent Acquisition for Patriarch.

27. Defendants Patriarch and Lynne Tilton own, manage, and operate Stila. Further, Jones takes an active role in the management of Stila. Patriarch, Tilton and Jones exercise supervisory authority over the top-level executives at Stila including hiring, firing, supervision, discipline, and compensation of top-level executives.

28. Jones was very positive throughout the interview, again telling Hoover that he would be a perfect fit for the position and that he thought highly of his creative abilities. He then stated that the problem was that Lynne Tilton told him that she wanted to hire a woman for the position. At that point, White cast his head downward as if recognizing the

inappropriateness of the remark. Jones continued on to say that it would be important for Hoover to "sway" Tilton upon meeting her.

29. Understanding that he had just been subjected to sex and gender discrimination, Hoover subsequently, on September 5, 2018, placed a follow up phone call to Jones that he recorded. During the call, Hoover mentioned that Tilton wanted to hire a woman for the position, and then asked if there was anything that he could do in support of his candidacy, *to which Jones replied, "Other than a sex change?"*

30. Of note, during the call, Jones made reference to Hoover having "great creativity" which is further evidence that his sex and gender were the reason he was not hired.

31. At all relevant times, Jones was acting in his capacity as an employee of Patriarch and Tilton, and with the authority to participate in and make hiring decisions for Stila.

32. After the phone call, Hoover was never called in for another interview or contacted by or on behalf of defendants. He was never hired for the position, nor was it explained to him if and why he was rejected.

33. Job advertisements for the specific position were publicly-distributed on the internet after the September 5, 2018 phone call.

34. Hoover was discriminated against based on his sex and gender. If he was not a male, he would have been hired for the position, and his status as a male was certainly a motivating factor in the failure or refusal to hire him. Thus, the failure to hire Hoover was based on his sex and gender. Of note, the cosmetics industry is dominated by female as opposed to male executives.

6

35. Hoover has suffered damages, including but not limited to: back pay and front pay, lost employment benefits, and mental anguish and emotional distress.

### First Cause of Action – Declaratory Relief (against all defendants)

36. Plaintiff incorporates the foregoing paragraphs as if they have been alleged herein.

37. Defendants wrongfully discriminated against plaintiff under federal and city anti-discrimination laws.

38. Plaintiff seeks a declaration of the rights and obligations of the parties by this Court in accordance with the applicable provisions of law relating to declaratory judgments.

39. Plaintiff seeks and is entitled to a declaratory judgment establishing that the defendants engaged in unlawful discrimination under the federal and city anti-discrimination laws.

### Second Cause of Action – Permanent Injunction (against all defendants)

40. Plaintiff incorporates the foregoing paragraphs as if they have been alleged herein.

41. Plaintiff seeks and is entitled to injunctive relief directing and ordering that defendants hire him for the employment position he interviewed for, and would be in, but for their unlawful treatment, and to make him whole in terms of accrued benefits such as seniority, bonuses, retirement benefits, medical coverage, vacation and sick time.

### Third Cause of Action: Title VII (Patriarch and Stila)

42. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

43. At all relevant times, defendants Patriarch and Stila had 15 or more employees. Upon information and belief, they had over 500 employees.

44. Defendants have discriminated against plaintiff on the basis of his gender in violation of Title VII of the Civil Rights Act (42 U.S.C. 2000e et. seq.) by subjecting plaintiff to disparate treatment based upon his sex and failing to hire him.

45. As a result, plaintiff has suffered damage.

46. Defendants' conduct was willful, intentional, done with malice and reckless indifference to his rights, and defendants knew or should have known it was in violation of Title VII, entitling plaintiff to an award of punitive damages.

### Fourth Cause of Action: New York City Human Rights Law (all defendants)

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

48. Defendants have discriminated against plaintiff on the basis of his gender in violation of New York City Human Rights Law (Title 8 of the Administrative Code of New York City) by subjecting plaintiff to disparate treatment based upon his gender and failure to hire him.

49. As a result, plaintiff has suffered damage.

50. Defendants' conduct was done with willful and wanton negligence, recklessness, and conscious disregard for the rights of plaintiff or with conduct so reckless as to amount to such disregard, and defendants knew or should have known it was in violation of the New York City Human Rights Law, entitling plaintiff to an award of punitive damages.

### Fifth Cause of Action – New York City Human Rights Law (Aiding and Abetting) (only defendant Jones)

51. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

52. Defendant Jones was instrumental in condoning and carrying out the unlawful discrimination engaged in by the other defendants. He acknowledged that Tilton was using discriminatory factors in the hiring process and executed on them.

53. Jones engaged in conduct that aided and abetted the unlawful discrimination of the other defendants against plaintiff.

54. Jones's conduct was done with willful and wanton negligence, recklessness, and conscious disregard for the rights of plaintiff or with conduct so reckless as to amount to such disregard, and defendants knew or should have known it was in violation of the New York City Human Rights Law, entitling plaintiff to an award of punitive damages.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests the Court to enter judgment in his favor and against defendants, and to accord him the following relief:

(a) A declaration that defendants have engaged in unlawful discrimination based on sex and gender;

(b) An injunction directing defendants to hire plaintiff and place plaintiff in the employment position he would be in but for their unlawful treatment, and to make him whole in terms of accrued benefits such as seniority, bonuses, retirement benefits, medical coverage, and vacation and sick time;

(c) Back pay with prejudgment interest and all the fringe benefits to which plaintiff is entitled;

(d) Compensatory damages for plaintiff's non-economic injuries, including his mental anguish and emotional distress;

(e) Alternatively, if plaintiff's hiring by defendants is not ordered, an award of front pay;

(f) Punitive damages;

(g) An award of reasonable attorney's fees;

(h) Interest, costs and disbursements; and

(i) Such other legal and equitable relief or may be just and proper under the circumstances.

Dated: New York, New York
March 28, 2019

LAW OFFICES OF
ERIC DINNOCENZO

By: _____
Eric Dinnocenzo (ED 3430)
Attorney for Plaintiff
469 Seventh Avenue
Suite 1215
New York, NY 10018
(212) 933-1675
eric@dinnocenzolaw.com